GARY M. RESTAINO
United States Attorney
District of Arizona
BRIAN C. HOPKINS
Assistant U.S. Attorney
Arizona State Bar No. 029636
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: brian.hopkins@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 22-02533-SHR-1 |
| Plaintiff, | CR 23-50009-SHR-1 |
| vs. | **GOVERNMENT'S SENTENCING AND DISPOSITION MEMORANDUM** |
| Marco Antonio Ramirez-Lopez | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing and disposition memorandum in the above-captioned matter. The sentencing and disposition hearings are currently scheduled for June 8, 2023, before the Honorable Scott H. Rash, U.S. District Judge.

**Presentence Report Calculations**

Reviewing the findings and recommendations in the Presentence Investigation Report (PSR), the Government has no objection to the guideline calculations as prepared in the PSR. The Government agrees with these calculations and respectfully requests that this Court accept the plea and disposition revocation agreements. The Government will not withdraw from the plea agreement should the defendant seek, and the Court grant, a variance from the advisory sentencing guidelines.

**Sentencing Factors**

Title 18 U.S.C. § 3553(a) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §3553(a)(2). The sentence shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

Here, the defendant was under a term of supervision for a criminal immigration conviction when he illegally returned to the United States and committed the instant offense. (PSR ¶¶ 7, 29). The defendant was sentenced to 36 months of probation in 2020 in the U.S. District Court of Salt Lake City, Utah for illegal reentry. *Id*. The defendant additionally has a criminal history that suggests that he is a danger to the community, with convictions for Assault, Joyriding, Aggravated Assault, and Driving under the Influence. (PSR ¶¶ 25-28).

In the defendant's aggravated assault case, he grabbed his pregnant girlfriend by the throat and strangled her for ten seconds while saying he was going to kill her. (PSR ¶ 28). The victim threw up after the defendant finally let go of her neck. *Id*. Not satisfied, the defendant then grabbed the pregnant victim by her hair and dragged her from the bed and punched her in the head and back. (PSR ¶ 28). The defendant fled in the victim's car before police arrived. *Id*. "Recent studies show that although nonfatal strangulation often leaves few visible signs of injury, it can cause severe physical, neurological, and psychological complications and often forebodes future domestic homicide." *United States v. Lamott*, 831 F.3d 1153, 1154-55 (9th Cir. 2016) (internal citations omitted).

The defendant was first ordered removed to Mexico on July 17, 2019, after he committed the aggravated assault on his pregnant girlfriend. (PSR ¶ 36). The defendant has been removed from the United States twice, most recently on October 20, 2020. *Id*. Additionally, he re-entered the United States and was expelled under Title 42 on March 17, 2021. (PSR ¶¶ 35, 36).

**Recommendation**

The United States respectfully concurs with the recommendation of the PSR writer and requests that this Court impose sentences of 13 months and one day of imprisonment on the new offense consecutive to a sentence of eight months imprisonment on the probation violation. Such a sentence would be consistent with § 3553(a) factors and the guideline range calculated within the PSR and would provide for sufficient punishment to deter future illegal activity. This sentence followed by a 36-month term of supervised release will reflect the seriousness of the offense and his recidivism, and reflect the defendant's criminal and immigration history, promote respect for the law, and deter the defendant from committing further crimes in this country.

Respectfully submitted this 1st day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Brian C. Hopkins*
BRIAN C. HOPKINS
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 1st day of June, 2022, to:

All ECF Participants